**FILED & ENTERED**

**MAR 03 2017**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Michael Robert Goland<br><br><br><br>Debtor(s).<br>_____<br>Bret D Lewis<br><br>Plaintiff(s),<br>v.<br><br>Michael Goland<br><br>Defendant(s).<br>_____ | CHAPTER 7<br><br>Case No.:  1:15-bk-14213-GM<br>Adv No:   1:16-ap-01046-GM<br><br>**MEMORANDUM OF DECISION GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (dkt. #29)** |

Plaintiff Brett Lewis ("Lewis") moves for summary judgment on his §523(a)(6) cause of action against debtor/defendant Michael Goland ("Goland").

**Facts**

Lewis and Goland have a long, litigious history.  This proceeding involves claims arising out two of the many lawsuits among Lewis, Susan Marlowe (Goland's ex-wife and Lewis' client; "Marlowe"), Goland, and their respective friends and affiliates.

LA Superior Court SC088376 (the "Contempt Matter")

On Dec. 6, 2005, Dog at Home, Inc. ("Dog at Home") filed a complaint against Goland, seeking to remove an allegedly fraudulent deed of trust on the real property located at 421 N. Moss Street (the "Burbank Property")[ex. 4; all references to exhibits are exhibits filed in support of this motion].  Dog at Home is a charity that is administered by Marlowe and represented by Lewis.

On February 10, 2006, a default judgment was entered against Goland in favor of Dog at Home.  This judgment declared the deed of trust recorded against the Burbank Property void *ab initio* and also enjoined Goland from adverse actions against Dog at Home and related parties (including its attorneys and Marlowe):

> Defendant Michael Goland, and his agents, employees, attorneys, representatives, and those working with him, on behalf of him, and/or in concert with him, are permanently enjoined from taking any action adverse to Plaintiff Dog at Home, Inc. (and Dog at Home, Inc.'s shareholders, officers, directors, agents, employees and attorneys, including, but not limited to, Susan Marlowe and Jack Shlush.)  Such adverse action includes, but is not limited to, harassing, bothering, contacting, communicating with, signing documents on behalf of, encumbering property of, recording liens and/or lis pendens against property of, Dog at Home, Inc. and its shareholders, officers, directors, agents, employees and attorneys, including, but not limited to, Susan Marlowe and Jack Shlush.

[Ex. 7]

On August 14, 2009, the February 10, 2006 injunction was modified to require prior court approval before Goland (individually or through counsel or friends) could file any action or encumbrance against Dog At Home, *etc*.  This modification also

definitively stated that filing new cases without such approval would result in contempt:

> The original order of February 10, 2006 is modified to include that Michael Goland may not file in any jurisdiction any action against those parties named in the original order unless he has prior approval from this court or from another Bench Officer allowing him to file actions or encumbrances. He may not file new actions against those parties through counsel, or through an associate and/or friends. If it is determined that he has filed new cases without prior court approval, then this court will find him in contempt.

[Ex. 20] (The February 10, 2006 and August 14, 2009 orders are collectively referred to herein as the "Injunction.")

On January 25, 2010, the Superior Court held Goland in contempt for violating the Injunction [ex. 28 at 1], by filing adversary proceeding 09-ap-2580 in Marlowe's chapter 7 case [ex. 26, ex. D].  (The adversary proceeding asserted a claim for malicious prosecution against Marlowe and Lewis for seeking contempt sanctions against Goland in this Contempt Matter.  Among other things, the adversary complaint alleged that on August 14, 2009, the Superior Court had denied Marlowe's contempt request [09-bk-30368 dkt. 64].) The Superior Court hearing was continued until March 16, 2010, when the Superior Court heard testimony from Goland and entered a minute order with this finding:

> The Court finds defendant, Michael Goland, in Contempt: he had knowledge of the Court's order, he had the ability to comply, and he knowingly and intentionally violated the Court's order when he filed a new case in the Bankruptcy Court without permission of this Court.

[Ex. 28 at 4] The hearing was continued to April 8, 2010 for sentencing. On April 8, Goland was sentenced to five days in jail [09-bk-30368 dkt. 92 at 18]. On September 16, 2010, Dog at Home was awarded $15,040 as "reasonable attorney's fees and costs incurred by [the party instituting successful contempt proceedings] in connection with the contempt proceeding," pursuant to Cal. Civ. Proc. Code §1218(a)(the "Contempt Judgment")[ex. 33].

On June 24, 2015, Dog at Home assigned the Contempt Judgment to Lewis, in an assignment signed by Marlowe as President of Dog at Home [ex. 34].

LA Superior Court BC410835 (the "Vexatious Litigant Matter")

On March 30, 2009, Goland filed a complaint against Lima Norris, Dog at Home, and Marlowe — asserting fraudulent service of process in the Contempt Matter, as well as negligence and emotional distress [ex. 17].

On October 30, 2009, the Superior Court declared Goland to be a vexatious litigant in a minute order:

> The court notes that plaintiff Michael Goland had filed within the preceding seven-year period at least six cases, other than small claims cases, that had been against the same parties and have attempted to litigate *in propria persona* the validity of the judgment in SC088376 and the issues of fact and law determined in that case:
> Los Angeles Superior Court case numbers: EC0448861 Goland v. Dog at Home Inc., EC046471 Goland v. Marlowe, BC410639 Goland v. Humane Animal Rescue, BC410835 Goland v. Norris, SC097949 Spellman v. Marlowe, and Kern County case SC1500-CV Goland v. Marlowe.
> ….
>
> The court finds Michael Goland is, and declares Michael Goland to be a vexatious litigant pursuant to Code of Civil Procedure section 391.

[Ex. 25]

The Vexatious Litigant Matter was then dismissed on December 18, 2009 upon on an order to show cause re: dismissal [ex. 27].  Marlowe and Dog at Home moved for fees pursuant to the California anti-SLAPP statute, Cal. Civ. Proc. Code §425.16 [ex. 29].  On April 26, 2010, Marlowe and Dog at Home were awarded attorney's fees of $5,000 and costs of $1,541 - aggregating $6,541 (the "Vexatious Litigant Judgment") [dkt. 58 at 4].

Both Lewis and Marlowe have testified that the Vexatious Litigant Judgment was

assigned to Lewis [Lewis Declaration Support of MSJ ¶46; Marlowe Declaration in

Support of MSJ ¶46].

**Motion for Summary Judgment**

Goland has a long standing pattern of abuse of the law that has been recognized

by the courts as vexatious litigation.  [The Motion then details (i) Goland's various

litigations against Marlowe, both directly and by proxy, and (ii) the history of the

Contempt Judgment and the Vexatious Litigant Judgment (as set forth in the "Facts"

above).]

Attorney's fees and costs awarded to a judgment creditor in relation to a debtor's

underlying willful and malicious contemptuous conduct, including under Cal. Civ. Proc.

Code §1209(a)(5), even when no compensatory judgment debt exists, constitute

nondischargeable debt under §523(a)(6).

Awards in connection with anti-SLAPP motions can be nondischargeable under

§523(a)(6).

Assignees of nondischargeable debts can pursue §523(a) actions.

Goland's actions that led to both the Contempt Judgment and the Vexatious

Litigant Judgment were willfully and maliciously aimed at Marlowe and her interests,

were substantially certain to result in injury to Marlowe and her interests, were without

just cause, and were the proximate cause of injury to Marlowe and her interests.  Thus,

both judgments are nondischargeable under §523(a)(6).

Marlowe and Dog at Home deem the conduct of Goland and his attorney

"adverse" in filing an answer to the complaint in this adversary proceeding and in

opposing this motion for summary judgment.  Contempt proceedings are not impacted

by bankruptcy law, so the Injunction - against Goland taking any action adverse to Marlowe - remains in effect and has been violated.  It has also been violated by Goland asserting claims against Marlowe in his schedules.  The Court is justified in granting this motion based solely the sweeping nature of the Injunction against Goland and on this and other harassing conduct by Goland.

**Opposition**

   While the parties have a long and complicated litigation history, much of it is not relevant to this proceeding. Lewis must establish that the Contempt Judgment and the Vexatious Litigant Judgment are each based on conduct that meets every required element of "willful" and "malicious" under §523(a)(6).

   With respect to the Vexatious Litigant Judgment, Lewis cites a minute order of the Superior Court that simply grants fees of $5,000 and costs of $1,641 pursuant to a motion filed under Cal. Civ. Proc. Code §425.16 [Ex. 31].  There is nothing in this anti-SLAPP statute or in the minute order that supports an inference that the award was based on willful or malicious conduct.

   The Contempt Judgment was awarded under Cal. Civ. Proc. Code §1218(a), which provides that a court may award reasonable attorney's fees and costs incurred by the moving party in connection with the bringing of a contempt proceeding. Again, neither this statute nor the minute order awarding these fees and costs [Ex. 33] provides any basis for concluding that the conduct giving rise to the award was either willful or malicious.

   The case law cited by Lewis does not hold that attorney's fee and costs awards based on contempt or the anti-SLAPP statute are willful and malicious *per se*.  The

decisions did ultimately find the relevant conduct to be both willful and malicious, but under very different facts from this case.

Answering a complaint and/or responding to a motion for summary judgment is not a violation of the Injunction against Goland.  The Injunction does not prevent Goland from responding to litigation brought by others, it is intended to prevent him from *commencing* litigation.  Further, it protects Marlowe and Dog at Home, not third parties such as Lewis.  The Superior Court could not have meant for Lewis to bring suit against Goland with Goland unable to respond.

In her chapter 7, Marlowe failed to list her shares of Dog at Home in her schedules.  Undisclosed assets remain property of the estate when the case is closed.  Thus, Dog at Home arguably could not assign its rights in the Contempt Judgment to Lewis.

[Goland has filed a lengthy declaration defending his actions and asserting instances of harassment by Lewis.]

**Reply**

The fact that Goland was held in contempt is sufficient to demonstrate willful and malicious behavior.  Although the Ninth Circuit has not weighed in on whether a contempt judgment is *per se* nondischargeable – two bankruptcy courts outside the Ninth Circuit have so held.  But even if not *per se* nondischargeable, the facts of both the Contempt Judgment and Vexatious Litigant Judgment indicate that Goland's behavior was willful and malicious.

In finding Goland in contempt, which would be the basis of the Contempt Judgment, the Superior Court found:

The court finds defendant, Michael Goland in Contempt: he had knowledge of the court's order, he had the ability to comply, and he knowingly and intentionally violated the court's order when he filed a new case in the bankruptcy court without permission of this court.

[March 16, 2010, Ex. 28]

With respect to the Vexatious Litigant Judgment, anti-SLAPP fees are awarded on the basis of frivolous conduct and/or unreasonable delay. The B.A.P. in *Suarez v. Barrett (In re Suarez)*, 400 B.R. 732, 738, 740 (B.A.P. 9th Cir. 2009), *aff'd*, 529 F. App'x 832 (9th Cir. 2013) found such frivolous and delaying action to be willful and malicious because the debtor acted intentionally and his conduct necessarily harmed creditors in the form of attorney's fees and delay. The filing of the complaint in the Vexatious Litigant Matter was clearly frivolous because the court found Goland to be a vexatious litigant who was attempting to relitigate the validity of a default judgment obtained in the Contempt Matter and *six* other cases, including one in which Goland was not even a plaintiff.

Dog at Home is a not-for-profit 501(c)(3) corporation, so Marlowe could not own shares of Dog at Home. A basic understanding of not-for-profit law and a check with the California Secretary of State's website would have disclosed this. Goland's argument that shares of Dog at Home should have been listed in Marlowe's bankruptcy schedules violates Fed. R. Bank. P. 9011 and Fed. R. Civ. P. 56(h).

The Contempt Judgment was awarded solely to Dog at Home and was never an asset of the Marlowe bankruptcy estate. Furthermore, the award arose out of Goland's violation of the Injunction by filing an adversary proceeding in Marlowe's chapter 7. Thus, the right necessarily arose post-petition.

The Vexatious Litigant Judgment was awarded to Dog at Home and Marlowe. As set forth above, there is no question that Dog at Home could validly assign its rights

to Lewis.  With respect to Marlowe's rights, the Vexatious Litigant Judgment was awarded post-petition.  When she filed, Marlowe disclosed she had claims against Goland, meeting the Ninth Circuit standards that the listing not be so defective as to forestall investigation.  She had no counterclaims in the Vexatious Litigant Matter and the matter was actually removed to bankruptcy court (and subsequently remanded), so the trustee had specific knowledge of this action.

Goland should not be given special consideration because of his *pro per* status. As the Superior Court found in awarding the Vexatious Litigant Judgment, he filed seven lawsuits about the same thing, all of which were a re-litigation of the Contempt Matter, which he had lost.

Goland and his attorney have taken "adverse action" in violation of the Injunction. Adverse means "bad, unfavorable, not good."  The Ninth Circuit has held that a state court civil contempt proceeding is exempt from the automatic stay.  Courts have the ability to restrict the litigation conduct of litigants.  Goland should not be able to use the bankruptcy forum to relitigate the numerous cases he has lost.  Forcing Lewis to undertake the substantial efforts to bring this motion is adverse action within the meaning of the Injunction.  Goland and his attorneys have violated Rule 9011 and Rule 56(h) in taking the positions they have taken herein.

**Legal Standards**

Summary Judgment

Summary judgment is proper when the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which

may affect the outcome of the proceedings. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The facts must be viewed in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 249; *Masson v. New Yorker Magazine,* 501 U.S. 496, 520 (1991).

Section 523(a)(6)

Section 523(a)(6) of the Bankruptcy Code excepts from discharge "any debt" for "willful and malicious injury by the debtor to another entity or to the property of another entity." The requirements of "willful" and "malicious" are considered separately. *Carrillo v. Su (In re Su),* 290 F.3d 1140, 1146 (9th Cir. 2002). The plaintiff must establish the elements of each requirement by a preponderance of the evidence. *See, e.g., Hopper v. Lewis (In re Lewis)*, 551 B.R. 41, 51 (Bankr. E.D. Cal. 2016).

"A 'willful' injury is a 'deliberate or intentional *injury*, not merely a deliberate or intentional act that leads to injury.'" *Albarran v. New Form, Inc. (In re Barboza),* 545 F.3d 702, 706 (9th Cir. 2008)(quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original)). At a minimum, willful requires "a deliberate act with knowledge that the act is substantially certain to cause injury." *Petralia v. Jercich (In re Jercich),* 238 F.3d 1202, 1208 (9th Cir. 2001). The Court "may consider circumstantial evidence that tends to establish what the debtor must have actually known when taking the injury-producing action." *Ormsby v. First Am. Title Co. (In re Ormsby),* 591 F.3d 1199, 1206 (9th Cir. Cal. 2010)(citing *Su*, 290 F.3d at 1146).

"A malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause." *Ormsby*, 591 F.3d at 1207.

Contempt and Anti-SLAPP Attorney's Fees under §523(a)(6)

Awards of attorney's fees and costs pursuant to a contempt judgment or under the California anti-SLAPP statute can be declared nondischargeable under §523(a)(6) – if the underlying conduct leading to the award is found to be willful and malicious.

> We are persuaded by the reasoning of the Eighth Circuit in *Nangle* that a debt for contempt sanctions may be nondischargeable under section 523(a)(6) when the conduct leading to the contempt is willful and malicious, as determined by *Su*. Applying that reasoning to the conceded facts presented by the record in this case, we see no clear error in the bankruptcy court's finding that Suarez's Injunction violations were clearly "willful" within the meaning of section 523(a)(6) because they were aimed at Barrett and substantially certain to result in injury to Barrett. Nor do we find clear error in the court's finding that Suarez's conduct was "malicious" within the meaning of section 523(a)(6) because she knowingly and intentionally violated the Injunction, her conduct was wrongful, done without just cause or excuse, and that it caused Barrett "injury" in the form of attorney's fees and costs.
> ....
> We conclude that attorney's fees and costs awarded to a judgment creditor in relation to a debtor's underlying willful and malicious contemptuous conduct, even when no compensatory judgment debt exists, constitute a nondischargeable debt under section 523(a)(6).

*Suarez v. Barrett (In re Suarez)*, 400 B.R. 732, 738, 740 (B.A.P. 9th Cir. 2009), *aff'd*, 529 F. App'x 832 (9th Cir. 2013).

> The filing and prosecution of a suit against Rose in state court for perjury was done to annoy and harass Rose, with Healy's knowledge that the suit lacked merit. In so doing, Healy acted deliberately, intentionally, and for purpose of injuring Rose. His conduct resulted in a willful injury to Rose.
> ....
> Here, Healy filed and prosecuted a suit against Rose even though he likely knew it lacked merit for the purpose of harassing Rose. There was no just cause or excuse for this conduct, particularly considering the fact that Healy was an attorney, and his conduct necessarily caused injury to Rose.

*In re Healy*, 2013 WL 2308472, at *4 (Bankr. E.D. Cal. Mar. 29, 2013)(finding attorneys'

fees and costs award under Cal. Civ. Proc. Code §425.16 nondischargeable), *aff'd*,

2015 WL 3407237 (B.A.P. 9th Cir. May 27, 2015).

<u>Collateral Estoppel Effect of Superior Court Rulings</u>

Collateral estoppel applies to §523(a) proceedings. *Grogan v. Garner*, 498 U.S.

279, 285 (1991).

California law (the law of the state in which the judgment was rendered)

determines the preclusive effect of a state court judgment.  *Diruzza v. County of*

*Tehama*, 323 F.3d 1147, 1152 (9th Cir. 2003)(quoting *Marrese v. Am. Acad. Of*

*Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)).  Under California law, issue

preclusion can be applied when (1) the issue decided in the prior proceeding is identical

to the issue sought to be relitigated in the subsequent proceeding; (2) the issue was

actually litigated in the prior proceeding; (3) the issue was necessarily decided in the

prior proceeding; (4) a final judgment on the merits was issued in the prior proceeding;

and (5) the party against whom issue preclusion is sought was a party to the prior

proceeding. *Lucido v. Superior Court*, 51 Cal. 3d 335, 341, *cert. denied*, 500 U.S. 920

(1991).  "The party asserting collateral estoppel bears the burden of establishing these

requirements."  *Id.*

**Analysis**

The Motion details the long and tortured history of litigation among Goland,

Lewis, Marlowe, and various of their affiliates.  But the issue in this adversary

proceeding is not whether Goland generally behaves in a willful and malicious fashion

towards Marlowe, Dog at Home, or Lewis.  The issue is whether these two particular

claims are based on willful and malicious injury. Thus, much of this history is irrelevant

to this adversary proceeding and this motion for summary judgment.


Contempt Judgment

The Superior Court held Goland in contempt, finding that Goland had knowledge

of the Injunction and the ability to comply with the Injunction, but knowingly and

intentionally violated the Injunction by filing an adversary proceeding in the Bankruptcy

Court without Superior Court permission.

These findings are entitled to collateral estoppel effect.  They were actually

litigated and necessarily determined in a final judgment on the merits in the Superior

Court against Goland and they are directly relevant to the issues in this proceeding.

These findings essentially mirror the Bankruptcy Court's conclusions that were upheld in

*Suarez*: that the debtor's injunction violations were (i) clearly "willful" because they were

"aimed at" and "substantially certain to result in injury to" the plaintiff and (ii) malicious

because the debtor "knowingly and intentionally violated the Injunction, her conduct was

wrongful, done without just cause or excuse, and that it caused the plaintiff 'injury' in the

form of attorney's fees and costs."

In addition to violating the Injunction, Goland's adversary proceeding was, by its

very nature and circumstances, unfounded and abusive. It asserts malicious

prosecution against Marlowe and Lewis for seeking contempt sanctions in the Contempt

Matter – a matter where the Superior Court had already awarded two iterations of an

injunction against Goland and threatened contempt if Goland filed any action against

Marlowe, Dog at Home, *etc*. without the court's consent.  More specifically, the

adversary complaint falsely asserts that "on or about August 14, 2009, the court heard and denied Defendants' Contempt Action" [ex. 26, ex D. ¶15].  In fact, on August 14, 2009, the Superior Court ordered an expansion of the Injunction against Goland [ex. 20].  Furthermore, this adversary proceeding was just one of five adversary proceedings brought by Goland against Marlowe in her chapter 7 between September 30 and November 2, 2009 [09-bk-30368 dkt. 48, 49, 62, 64, 65].

Thus, the Superior Court findings and court records establish both subjective willfulness (the adversary proceeding was filed with the actual knowledge – and most likely intent - that it would injure Marlowe through the incurrence of additional attorney's fees and costs) and malice (Goland filed the adversary proceeding with the knowledge it both violated the Injunction and misled the Court, he committed this wrongful conduct without excuse, and it necessarily caused injury to Marlowe and Dog at Home in the form of attorney's fees and costs).

Dog at Home was the sole owner of the Contempt Judgment and assigned the Contempt Judgment to Lewis.  There is no issue with the assignment. Dog at Home is a not-for-profit corporation, and thus not property of Marlowe's bankruptcy estate and not affected by Marlowe's bankruptcy. Nor was it unreasonable for Dog at Home to assign this judgment for attorney's fees to its attorney (presumably on account of unpaid fees). Assignees of claims may pursue nondischargeability actions.

Vexatious Litigant Judgment

The Superior Court found that Goland had filed "at least six cases, other than small claims cases" against Marlowe and Dog at Home that "attempted to litigate *in propria persona* the validity of the judgment in" the Contempt Matter. This finding is

entitled to collateral estoppel effect, for the same reasons as the findings in the

Contempt Matter.  The finding supports malice – filing these suits had to be done

knowingly, it was wrongful and without excuse, and it necessarily caused injury to

Marlowe and Dog at Home in the form of attorney's fees and costs.  It was also

subjectively willful because the filing of six lawsuits relitigating the same judgment was

deliberate and Goland intended - or at the very least knew - that these lawsuits would

result in harm to the defendants in the form of attorney's fees and costs.

The Vexatious Litigant Judgment was awarded to Marlowe and Dog at Home.

Lewis has submitted evidence that Marlowe and Dog at Home assigned the Vexatious

Litigant Judgment to him. However, while Dog at Home has the ability to assign its right

to the Vexatious Litigant Judgment to Lewis, Marlowe does not. Goland had

commenced the Vexatious Litigant Matter on March 30, 2009, prior to the

commencement of Marlowe's chapter 7 case on August 4, 2009.  The attorney's fees

and expenses were incurred both pre- and post- petition [ex. 29].  Thus, Marlowe's right

to attorney's fees and expenses from Goland was property of the estate – an

unliquidated, contingent chose in action.  There is no indication from the record that

Marlowe's chapter 7 trustee abandoned this property right. This issue prevents the

Court from granting summary judgment to Lewis on this claim.


Violation of the Injunction and Other Sanctions Sought Against Goland and his Attorney

Goland's answer and his opposition to this motion for summary judgment do not

violate the Injunction.  The phrase "action adverse" in the original 2006 injunction is

ambiguous, but the "expanded" 2009 injunction refers to filing "actions" against Marlowe

and her affiliates – which clearly does not bar the filing of an answer or an opposition to

a motion for summary judgment in an action in which Goland is a defendant. Even the

ambiguous "action adverse" cannot be meant to bar Goland from defending himself in

an action commenced against him: this would leave Goland completely defenseless and

liable in any action Marlowe or her affiliates chose to bring.  Such a reading flouts

common sense and equity.

Likewise, this Court cannot conclude that by listing claims against Marlowe in his

schedules, Goland violated the Injunction.  Bankruptcy law penalizes debtors who do

not fully disclose their assets.  Listing claims in a schedule is not the same as pursuing

them in court and, in any event, any such claims now belong to the estate and would be

pursued by the chapter 7 trustee, not by Goland.

More to the point, these alleged violations of the Injunction are irrelevant to this

proceeding and this motion, which is limited to the facts of the Contempt Judgment and

the Vexatious Litigant Judgment.

Lewis also seeks sanctions under Rule 9001 and Rule 56(h) for positions taken

by Goland and his attorney in opposing this motion.  Although (as set forth above) the

Court disagreed many of Goland's arguments, none of the arguments were so

unsupported by facts and law as to give rise to sanctions.  And in fact, Mr. Hagen's calm

and succinct arguments in the opposition and his rational and not-overreaching

positions taken in the Statement of Genuine Issues and Additional Facts in Support of

the Opposition were a high point in the papers submitted in this litigation.

**<u>Conclusion</u>**

For the reasons stated above, summary adjudication is granted to Lewis as to

the Contempt Judgment and denied without prejudice as to the Vexatious Litigant

Judgment.  Lewis will be directed to file and serve an accounting of his Contempt

Judgment claim, including interest and deducting rent received from Triple Images.

The Court will issue a separate order that conforms to this memorandum of decision.

###

Date: March 3, 2017

_____
Geraldine Mund
United States Bankruptcy Judge