

**FILED & ENTERED**

MAR 03 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Michael Robert Goland<br><br><br><br>Debtor(s).<br><br>Bret D Lewis<br><br>Plaintiff(s),<br>v.<br><br>Michael Goland<br><br><br><br>Defendant(s). | CHAPTER 7<br><br>Case No.: 1:15-bk-14213-GM<br>Adv No:  1:16-ap-01046-GM<br><br>**MEMORANDUM OF DECISION GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (Dkt. #44)** |

Plaintiff Brett Lewis ("Lewis") moves for leave to file a first amended complaint against debtor/defendant Michael Goland ("Goland").

<u>Facts</u>

Goland filed for chapter 7 relief on December 30, 2015.

Lewis filed the complaint commencing this adversary proceeding on March 29, 2016. The complaint seeks to have two claims - awards of attorney's fees and costs in lawsuits filed by Goland against Susan Marlowe (Goland's ex-wife and Lewis's client; "Marlowe") – declared nondischargeable under Bankruptcy Code §523(a)(6). These claims are:

- $15,040 awarded in LA Superior Court Case No. SC088376 (the "Contempt Judgment"); and
- $6,541 awarded in LA Superior Court Case No. BC410835 (the "Vexatious Litigant Judgment").

(Lewis, Marlowe, and Goland have a long, litigious history, some of which is detailed in memorandum of decision for Lewis's motion for summary judgment (the "Summary Judgment Memorandum of Decision"), which is filed contemporaneously herewith. All defined terms used but not defined herein are as defined in the Summary Judgment Memorandum of Decision.)

Lewis is seeking leave of the Court to file a First Amended Complaint (Exhibit A to this motion; the "FAC"), which adds another claim against Goland - for attorney's fees and costs awarded in a different lawsuit – to Lewis's §523(a)(6) cause of action in this proceeding.

Motion

Lewis seeks to add a claim for $31,625 of attorney's fees and costs awarded to Marlowe (and assigned to Lewis), arising out of Goland's bad faith filing of LA Superior Court Case. No. EC044886.

Fed. R. Civ. P. requires that leave to amend "shall be freely granted when justice

so requires." Justice requires the inclusion of this additional claim in this proceeding.

[Lewis has filed a declaration stating that, until he was preparing his motion for summary judgment, he had forgotten that Marlowe had been awarded $31,625 in Case No. EC044886. (He thinks that he and Marlowe had sought to expunge Goland and his offensive behavior from their consciousness.) Lewis reviewed Goland's bankruptcy schedules, which contain no mention of this judgment or the two judgments already in the complaint. Lewis thinks a simple credit check should have been done by Goland's attorney and would have revealed these judgments. Lewis thus assumes that Goland and his attorney were acting in bad faith – especially since Goland appeared in judgment collection proceedings before filing his bankruptcy.]

[Lewis repeats his argument from his motion for summary judgment that any opposition to this motion is a violation of the injunction in Case No. SC088376.]

Opposition

Lewis had sufficient notice of this chapter 7 to attend the initial 341(a) meeting and to file a timely nondischargeability complaint by the April 1, 2016 deadline set by the court clerk. On November 14, 2016, long after that bar date, Lewis filed this motion seeking to add an additional cause of action.

The additional claim does not relate back to the facts asserted in the original complaint and should be barred. Rule 15(c) provides that an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading . . . ." Fed. R. Civ. P. 15.

The court should consider four factors in determining the propriety of a motion for

leave to amend a complaint, as set forth in *Foman v. Davis*, 371 U.S. 178, 182 (1962): undue delay, bad faith, prejudice to the opposing party, and futility of amendment. Here, this claim was not recently discovered, merely overlooked. This motion was filed seven months after the bar date. Amendment would be futile: the language of the new claim is not specific enough to survive a motion to dismiss. Goland is also prejudiced by the timing on the eve of the summary judgment motion  -- summary judgment on the other two claims will have already been heard, further confusing this proceeding.

The proposed claim relates to a new set of facts, albeit involving the same players, different from the facts underlying the original two claims.  The relation back doctrine should not be applied where the factual basis of the amended cause of action is different and the defendant would be prejudiced.

The FAC fails to "state with particularity the underlying facts and wrong alleged." A complaint must be specific enough to allow defendants to defend against the charge. This new claim is conclusory, merely alleging that Goland's filing of a complaint against his ex-wife was a willful act intending to cause injury without any specific detail that would give Goland notice of the specific nature of allegation.

Legal Analysis

Leave to amend should be freely granted, unless the Court finds real reason to do otherwise:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  There is no indication of bad faith or dilatory motive on the part of Lewis, nor have there been repeated deficiencies. Seven months does not appear to be "undue" delay: other creditors in this case had been granted repeated extensions of the bar date for §523(a) complaints and filed their complaints on December 9, 2016 [bk dkt. 158, 159]. Prejudice to Goland might potentially arise from a second motion for summary judgment. However, as the Court is denying Lewis's motion for summary judgment with respect to the Vexatious Litigant Judgment on grounds that Lewis could potentially remedy (as set forth in the Summary Judgment Memorandum of Decision), a second motion for summary judgment appears likely in any event. (And both this new claim and the remaining original claim at issue in this proceeding suffer from a similar issue – the effect of Marlowe's chapter 7 on her ability to assign this claim to Lewis.)  Goland also argues that amendment is futile, because the new claim is conclusory, not giving Goland enough detail to defend himself. This issue is readily addressable by Lewis, who can add more detail, if necessary.  In any event, the FAC already allows Goland to understand exactly the conduct and harm alleged: the Superior Court in Case No. EC044886 awarded Marlowe $31,625 in damages due to Goland's "willful" and "malicious" conduct. While that conduct could be spelled out more specifically in the FAC, it is also readily available to Goland in the record of that Superior Court case.

     Leave to amend will be futile, however, unless the FAC relates back to the original complaint.  The bar date for filing actions under §523(a) has long since passed.  Thus, any amended complaint must relate back to the original complaint or it is time-barred.  The Ninth Circuit discussed the standards for such a relation-back in the §523(a) context:

> The district court denied the Duponts' motion to dismiss on statute of limitations grounds, finding that the second amended complaint related back to the filing date of the original complaint and thus was timely under Bankr. R. 4007(c). We agree that the FDIC's complaint against the Duponts was timely under this section.
>
> The district court correctly found that the second amended complaint related back to the original complaint pursuant to Fed. R. Civ. P. 15. While it is generally true that an amendment supersedes an original pleading, *see Bullen v. DeBretteville*, 239 F.2d 824, 833 (9th Cir.1956), *cert. denied sub nom. Treasure Co. v. Bullen*, 353 U.S. 947, 77 S. Ct. 825, 1 L.Ed.2d 856 (1957); *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967), this Circuit has held that the filing date of an original complaint remains operative for relation-back purposes even where otherwise superseded by amendments. *Martell v. Trilogy Limited*, 872 F.2d 322, 323 (9th Cir.1989); *Ashland v. Ling–Temco–Vought, Inc.,* 711 F.2d 1431, 1436–37 (9th Cir.1983).
>
> Further, the original and second amended complaints plainly arise from the same transactions, and specifically refer to nondischargeability of Dupont's liability under 11 U.S.C. § 523(a)(4). "In determining whether an amended cause of action is to relate back, the emphasis is not on the legal theory of the action, but whether the specified conduct of the defendant, upon which the plaintiff is relying to enforce his amended claim, is identifiable with the original claim." *Gelling v. Dean (In re Dean),* 11 B.R. 542, 545 (9th Cir. BAP 1981), *aff'd*, 687 F.2d 307 (9th Cir. 1982); *see also Mission Viejo Nat'l Bank v. Englander (In re Englander),* 92 B.R. 425, 427–28 (9th Cir. BAP 1988). Where an amended pleading seeks only to add new claims to an original pleading, "the district court should ... analyze[ ] the two pleadings to determine whether they share a common core of operative facts sufficient to impart fair notice of the transaction, occurrence, or conduct called into question." *Martell*, 872 F.2d at 327.

*F.D.I.C. v. Jackson*, 133 F.3d 694, 701–02 (9th Cir. 1998).

Thus, the issue is whether the new, proposed claim "share[s] a common core of operative facts sufficient to impart fair notice of the transaction, occurrence, or conduct called into question."  While the original complaint gave notice of only two claims for attorney's fees and costs arising from Goland's filing of two particular complaints against Marlowe, this third proposed claim in the FAC arises from the same conduct. All three claims are for attorney's fees and costs arising from Goland's filing of actions against Marlowe and Dog at Home to re-litigate the merits of the Contempt Matter. The original complaint gave notice to Goland that his *conduct* in filing these allegedly baseless, abusive complaints against Marlowe leading to the award of attorney's fees

-6-

and costs was at issue under §523(a)(6). In fact, the minute order from the Vexatious Litigant Matter (as quoted in the Summary Judgment Memorandum of Decision) specifically refers to this case "EC0448861" [sic] as one of the other six cases Goland had filed to relitigate the validity of the Contempt Matter, thus providing the bases for the Vexatious Litigant Judgment. Furthermore, as Goland failed to put any of these fee awards in his schedules, he has no basis for complaining about lack of notice.

Conclusion:  For the reasons stated above, the motion will be granted and leave to file the FAC, as attached to this motion as Exhibit A, will be granted.  The Court will issue a separate order that conforms to this memorandum of decision.

###

Date: March 3, 2017

Geraldine Mund
United States Bankruptcy Judge